# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CORNELIUS LEROY CHASE**, <br> Petitioner | * |
| v. | * <br> CIVIL ACTION NO. RWT-11-2977 <br> * |
| **BOBBY SHERON**, *et al.*, <br> Respondents. | * |

*******

## MEMORANDUM OPINION

Petitioner Cornelius Leroy Chase, an inmate confined at the North Branch Correctional Institution in Cumberland, Maryland, filed the instant Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted.

Petitioner indicates he was sentenced on April 1, 2011, in the Circuit Court for Satin Mary's County, Maryland to a term of "triple-life, plus forty-five years." He further indicates that his direct appeal is pending. ECF No. 1. The Petition is premature. Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. See Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. See Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. See Williams v. State, 292 Md. 201, 210-11 (1981).

It is impossible to tell with certainty what defects Petitioner wishes to present to this Court. As he has neither sought direct appeal nor post-conviction relief, his action here is premature. After exhausting his state court remedies, Petitioner may refile his claims in a new § 2254 petition, using forms available from the Clerk. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal court. See 28 U.S.C. § 2244(d).[1] A properly filed appeal or post-conviction petition will serve to toll or "stop" the running

---

[1] This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

of the one-year limitations period for § 2254 petitions.  Should he intend to refile this petition after his available state court remedies are exhausted, Petitioner should take care not to miss this deadline.[2]

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

| | |
|---|---|
| November 21, 2011 | /s/ |
| Date | Roger W. Titus |
| | United States District Judge |

---

[2] Petitioner is reminded that only a properly filed appeal or application for state post-conviction review will toll the running of the one-year federal limitations period.